THE ALBRO CLEM ELEVATOR COMPANY, PLAINTIFF, v. THE DIRECTOR GENERAL OF RAILROADS ET AL., DEFENDANTS.

Argued November 4, 1920—Decided March 14, 1921.

Section 110 of the Practice act contemplates in any event, upon answers to questions, that a general verdict which may afford a basis for a rule to show cause or an appeal shall be entered, and the general verdict thus entered, plus the answered questions and a statement of the case, "shall be prepared and filed and shall have the effect of a special verdict."

On motion for judgment.

Before Justices TRENCHARD and MINTURN.

For the plaintiff, *Ralph E. Cooper* and *Collins & Corbin.*

For the director general, *Frederic B. Scott.*

For the Wharton and Northern Railroad Company, *Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

MINTURN, J. The case presents a question of practice. The suit was in trover for the conversion of elevators manufactured and sold by plaintiff to Columbus Circle Construction Company at Lake Denmark, in this state. The Pennsylvania railroad became the initial carrier, the Delaware, Lackawanna and Western the via media, and the Wharton and Northern railroad the final carrier, and all were made parties defendant to the action.

The Wharton and Northern delivered the goods through the United States navy personnel to the consignee, which had not paid for the consignment, and was not possessed of the bill of lading, as evidence of its right and title to receive the goods. The consignee failed to pay the bank which held the

bill of lading, and that document was forthwith returned by the bank to the plaintiff. The legal status thus evolved was the delivery of a consignment by a common carrier to a consignee who as alleged, was entitled to receive it only upon presentation of the bill of lading, and hence the suit.

The liability of the initial carrier under the facts is settled and discussed from various aspects in the recent case of *Pere Marquette Ry. Co. v. French & Co.*, 41 *Sup. Ct. Rep.* 195.

The director general filed a cross action against the Wharton and Northern railroad in behalf of the Pennsylvania railroad, based upon section 860aa of the so-called Carmack amendment of the Interstate Commerce act. *U. S. Comp. Stat.* 1916, *p.* 9289.

After the case had been submitted, the court in its charge submitted eight questions to the jury for specific answers, and concluded the charge with this direction which obviously presents the *bete noire* in the situation.

"Now, gentlemen, when those questions are answered by you that is all you have to say and that will be sent to the Supreme Court and then they can determine the question whether or not under these facts and under the documents the plaintiff can recover against either one of the railroad companies and whether they can recover against the Pennsylvania, whether the Pennsylvania can recover against the Northern. With that you have nothing to do except answer these eight questions."

This direction was manifestly based by the trial court upon its construction of section 110 of the Practice act of 1913, as follows:

"The court may in its discretion request the jury to return answers to written questions embracing the disputed facts in issue and the amount of damages. The questions and answers shall be entered upon the minutes and the court may enter a general verdict. In case of a rule to show cause for a new trial, or an appeal, a statement of the case, including the questions and answers, shall be prepared and filed and shall have the effect of a special verdict. In considering the case

upon review, the court may draw inferences of fact." (Rule 70, Practice act 1912. Amended March, 1919.)

The *postea* shows that the jury returned specific answers to the questions and nothing more. No verdict, general or special was rendered, and the court failed to pass upon an important issue in the case, involving the contention of the director general under the cross action. In this respect the case differs from *Seabright* v. *Central Railroad,* 72 *N. J. L.* 8.

The case is before us upon a motion to enter judgment upon the answers delivered to the questions. It is a matter of fundamental law that in a contested case, involving issues of fact evolved by the plaintiff, judgment can be entered only upon a verdict, general or special. 2 *Tidd Pr.* 919.

Section 110 of the Practice act contemplates in any event, upon answers to questions, that a general verdict which may afford a basis for a rule to show cause or an appeal shall be entered, and the general verdict thus entered, plus the answered questions and a statement of the case, "shall be prepared and filed and shall have the effect of a special verdict." A verdict returned with a *postea* from *nisi prius* at common law, was *sine qua non* to the entry of judgment in the king's bench. 2 *Tidd. Pr. Ib.*

The original purpose of a special verdict was to relieve the jury of a charge of attaint if the general verdict proved to be false; and for that purpose the statute of Westminister (13 *Ed. II., c.* 30) was passed, providing for the entry of special verdicts whereby the jury passed upon the specific facts, and a verdict was entered thereon, at assize or *nisi prius,* which, upon being submitted to the court in banc, was either affirmed or rejected as the court might apply the law to the facts so found. Quite manifestly at that period courts and juries had their troubles *inter sese,* particularly in actions growing out of trespass and titles to land; so that the act in question conveyed the foreboding and omnious notice to juries that "if they will say of their own accord that it is disseisin their verdict shall be admitted at their own peril." The result was as Tidd declares, that "it has become the practice for the jury

when they have any doubt as to the matter of law to find a special verdict stating the facts and referring the law arising thereon to the decision of the court, by concluding, conditionally, that if upon the whole matter alleged the court shall be of opinion that the plaintiff had cause of action, they then find for the plaintiff, if otherwise, then for the defendant."

This practice has been transmitted to us as part of the common law system (38 *Cyc.* 1907), and has been given statutory recognition as a portion of our Practice act. *Traflet* v. *Empire Life Insurance Co.*, 64 *N. J. L.* 387; *Collins* v. *Whiteside*, 75 *Id.* 865.

Where, therefore, judgment cannot be entered, as in this instance, because of an unamendable defect in the *postea*, the practice is to award a *venire de novo.* 2 *Tidd* 924, 928.

Such was the course pursued in *Collins* v. *Whiteside, supra,* and in *Bouvier* v. *Baltimore and New York Railroad Co.*, 65 *N. J. L.* 313.

The record presents the additional defect that while the primary case presented by the pleadings consisted of an allegation of tort-feasance, a secondary question was presented as a corollary to the main issue, viz.: If damages be assessed against the Pennsylvania railroad in the main action, whether the facts in evidence present a basis for a counter liability of the Wharton railroad to the Pennsylvania railroad. This secondary issue, under the provisions of the Carmack amendment, presented an issue of fact, which the parties to the issue were legally entitled to have submitted to the jury, so that the relative liabilities of the parties involved in the transaction might be settled and determined in one action. This issue, not having been considered by the jury, presents an additional reason for the issuing of a *venire de novo,* and such will be the order.