BURT BLAKE, ALIAS BURT MARTEL *v.* AMERICAN FORK & HOE
COMPANY.

November Term, 1925.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed January 9, 1926.

*Master and Servant—Workmen's Compensation Act—G. L.
5776.*

1. While provisions of Workmen's Compensation Act are to be
   liberally construed, where findings are unchallenged judgment
   denying compensation must stand, if findings fairly and reason-
   ably tend to support it.
2. Where findings of court not only failed to show that plaintiff's
   employer was acting as a contractor or servant of defendant
   at time of accident, but court expressly found that such em-
   ployer was then engaged in carrying on an independent busi-
   ness of his own, plaintiff cannot recover of defendant under
   Workmen's Compensation Act on theory that relation of plain-
   tiff's employer was that of independent contractor.
3. Where court found that plaintiff's employer at time of accident
   was engaged in carrying on an independent business of his
   own, and there was nothing in findings to show that his con-
   tract with defendant for the purchase of edgings produced in
   defendant's manufacturing plant, was a scheme to evade lia-
   bility by the defendant, *held* that plaintiff could not recover
   of defendant under that provision of the Workmen's Compen-
   sation Act contained in G. L. 5776, providing that an employer
   shall not be relieved from the provisions of the Act "by any
   contract, rule, regulation or device whatsoever."

APPEAL by plaintiff from order of Commissioner of Indus-
tries denying compensation. Trial by court at the June Term,
1925, Caledonia County, *Willcox,* J., presiding. Judgment for
the defendant. The plaintiff excepted. The opinion states the
case. *Affirmed.*

*Searles & Graves* for the plaintiff.

*Shields & Conant* for the defendant.

SLACK, J. From an order of the Commissioner of Industries disallowing his claim for compensation, the claimant appealed to the Caledonia county court where, on facts found by the court, defendant had judgment, and the case is here on claimant's exceptions.

The only question for review is whether on the findings, which claimant admits show the "exact situation" between him and defendant at the time of the accident, the court erred in rendering judgment for the latter. The judgment must stand, if the findings fairly tend to support it.

The findings material to the question for consideration are these: Claimant received the injuries for which he is seeking compensation while engaged in sawing up edgings, so-called, on a circular saw owned by defendant and situated in its St. Johnsbury plant known as the Ely factory. While thus engaged, claimant was not an employee of defendant, but was in the employ of one Hiram Johnson from whom he received all directions concerning his work, and also his pay. Defendant then owned and operated said factory, and was there engaged in manufacturing from rough lumber rake, hoe, and shovel handles for pecuniary gain. It employed about twenty-five men regularly. In manufacturing such handles, defendant produced quantities of edgings from two to four or six feet long. "To avoid an accumulation of such edgings or to derive some revenue from the same, or both, the defendant entered into an arrangement with one Hiram Johnson, whereby it sold such edgings to said Johnson for the sum of $2.25 per load, and by such arrangement with said Johnson he had the privilege of using a circular saw in the plant of the defendant to cut up such edgings into lengths suitable for sale as aforesaid. The price of $2.25 charged by the defendant to said Johnson included the privilege of the use of said saw, the defendant company furnishing the electric power to run said saw." Such sale to Johnson was "of pecuniary gain" to defendant, and it derived some advantage by having such edgings removed. As fast as edgings were produced, defendant caused them to be placed near the saw where they were cut up by claimant under Johnson's directions, but they were

not charged to Johnson until he had caused them to be cut up and loaded upon wagons or trucks for delivery to his customers, and had reported same to defendant's office. He was required to report each load before it was taken from defendant's premises, and under the original arrangement was to pay for it then, but this was later modified so that he paid weekly or at irregular intervals. This entire arrangement was terminable at the pleasure of either party. Defendant had no control over Johnson respecting the manner of cutting up such edgings, the price for which he should sell them, or to whom he should sell them, although it told him what other dealers were getting for waste wood, and suggested that he charge the same. Defendant gave Johnson no directions about operating the saw he was permitted to use, and he either filed the same himself or got defendant's filer to do it when the latter was not engaged about his employment. Such edgings as Johnson took away from defendant's plant were charged to him, and to no one else. An advertisement appeared in the local paper advertising such edgings for sale, and stating that orders therefor might be given by calling on the telephone the mill office of the defendant. About half of the orders received by Johnson came in that way. Such orders were received by one of defendant's employees and placed in a book which was kept in its office for use by Johnson to show what orders were sent in. This book was furnished from defendant's stock of supplies, but its ownership did not appear. Johnson was not on defendant's payroll, nor did he receive anything from it for disposing of such edgings, "but on the contrary paid the defendant as above indicated for the privilege of having these edgings and the privilege of preparing said edgings for sale by the use of defendant's property as hereinbefore indicated." The court says that it is unable to find that Johnson was acting as a contractor or servant of the defendant at the time of the accident, but on the contrary it finds that he was then engaged in carrying on an independent business of his own.

The claimant insists that on these findings he is entitled to prevail on two grounds: First, that defendant was his employer at the time of the accident within the meaning of G. L. 5758 as construed by this Court in *O'Boyle* v. *Parker-Young Co.*, 95 Vt. 58, 112 Atl. 385, and *Packett* v. *Moretown Creamery Co.*, 91 Vt. 97, 99 Atl. 638, L. R. A. 1918F, 173—in other words that the relation of Johnson to the defendant was that of an independent

contractor; and second, that the findings bring the case within the provision of G. L. 5776, which is: ''An employer shall not be relieved in whole or in part from liability created by the provisions of this chapter, by any contract, rule, regulation or device whatsoever.''

[1] Neither position is tenable. While the provisions of the Workmen's Compensation Act are to be liberally construed (G. L. 5831; *Packett* v. *Moretown Creamery Co., supra*), since the findings are unchallenged the judgment must stand if they fairly and reasonably tend to support it.

[2] The findings not only fail to show that Johnson was acting as a contractor or servant of defendant at the time of the accident, but on the contrary it is expressly found that he was then engaged in carrying on an independent business of his own. This distinguishes this case from the cases relied upon by the claimant, and shows that his first claim is without merit.

[3] As to the other, it is enough to say that there is nothing in the findings which tends to show that the contract between Johnson and the defendant was a scheme to evade liability by the latter.

*Judgment affirmed.*