## Woodrow Stamper v. University Apartments, Inc.

[522 A.2d 227]

No. 84-086

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 29, 1986

*James W. Murdoch* and *Richard C. Bothfeld* of *Wool & Murdoch*, Burlington, for Plaintiff-Appellee.

*Scott A. Whitted* of *Kiel & Boylan*, Springfield, for Defendant-Appellant.

**Hayes, J.** This is an appeal by an employer from a workers' compensation award of permanent partial disability and vocational rehabilitation benefits. We affirm.

Claimant injured his back during the course of his employment with University Apartments, Inc. (employer) on June 2, 1982. At the time of this injury, claimant was suffering from an earlier injury to his back which had caused a permanent impairment of

10%. According to the physician who treated claimant for both injuries, the 1982 injury aggravated the previous injury, causing a total disability of 25%. Claimant collected temporary total disability benefits based on a stipulation between the parties, but applied to the Commissioner for permanent partial disability and vocational rehabilitation benefits when the parties could not agree on the degree of permanent partial disability. The Commissioner of Labor and Industry awarded claimant 25% permanent partial disability and vocational rehabilitation benefits designed to retrain claimant in data processing, accounting and personal relations skills.

■ Where no appeal is taken to the superior court, the Commissioner is the final arbitrator of disputes regarding the extent and permanency of disabilities claimed under the Workers' Compensation statute. 21 V.S.A. § 669; see generally *DeGray* v. *Miller Brothers Construction Co.,* 106 Vt. 259, 267-68, 173 A. 556, 559 (1934). The Commissioner's findings of fact are binding on this Court if they are supported by the evidence viewed in the light most favorable to the Commissioner's award. *King* v. *Snide,* 144 Vt. 395, 399, 479 A.2d 752, 754 (1984). A party seeking to overturn an award by the Commissioner thus bears a heavy burden of proof.

■ Employer first contends that because claimant entered his employment with a pre-existing 10% permanent impairment of the back, the 1982 incident caused only an additional 15% impairment, rather than the full 25% calculated by the Commissioner. In *Marsigli Estate* v. *Granite City Auto Sales, Inc.,* 124 Vt. 95, 104, 197 A.2d 799, 806 (1964), however, this Court held that our statutory scheme does not require the Commissioner to make such a determination of the relative contributions of the accident at issue and a prior disease to the end result. Under the holding in *Marsigli,* the Commissioner's computation of a 25% partial permanent disability was not error.

Employer next contends the Commissioner's finding of a 25% permanent partial disability is unsupported by the evidence. It attacks the evidentiary sufficiency from two angles, assailing first the Commissioner's method of assessing the evidence. It asserts that the Commissioner erred in relying on Commission § 10(b)[1] to

---

[1] Section 10(b) provides: "In resolving disputes about degrees of impairment to various parts of the body, the [Guides] will serve as authority unless that source

reject the American Medical Association guidelines (Guides) for computing the degree of a claimant's disability, and basing its computation instead on expert testimony. Employer contends the Guides' schedules were determinative of claimant's disability, and that the Commissioner's alternative method of computing claimant's disability was an exercise of unbridled discretion. In *Bishop* v. *Town of Barre,* 140 Vt. 564, 577-78, 442 A.2d 50, 56 (1982), we held that under 21 V.S.A. § 648, the amount of compensation for back injuries must be assessed based on the percentage of loss of the back's function rather than on the degree of impairment of the whole person. Because the Guides are premised on a whole person standard, their use in assessing back injuries is inconsistent with § 648, as interpreted in *Bishop,* making the Commissioner's rejection of them in his calculation of disability appropriate.[2]

In the alternative, the employer attacks the sufficiency of the evidence relied upon by the Commissioner. It contends that the Commissioner's reliance on the testimony of the claimant's physician for the proposition that claimant's injury was the result of pain was inappropriate because the physician's testimony did not include the word pain. It is true that the physician did not use the word "pain," but his testimony, read as a whole, leaves no doubt that pain was the source of claimant's disability, even if the word itself was not used. This is illustrated by the following excerpt:

> Q. Doctor, would you describe for us the nature of the injury relating to Mr. Stamper's — what is exactly causing his limitations, his discomfort, and what sort of activities will bring an onset of the pain, tenderness, et cetera?
> A. In my evaluation of Mr. Stamper, I felt that he had an injury which served as an aggravation of a previously assumed lumbar disk protrusion, and that this relatively re-

---

is inconsistent with these rules or the provisions of 21 V.S.A. § 648." Vt. Admin. Comp., Dept. of Labor and Industry § 10(b) (1980). This section was amended effective March 20, 1985, and became Rule 11(c).

[2] The employer contends that the injury in this case does not come within the description in *Bishop* of an injury to the back, because the described injury was only to the lumbar spine rather than the whole spine. We decline to differentiate different parts of the spine in this manner when assessing injuries to the back. See *Bishop,* 140 Vt. at 577, 442 A.2d at 56 (no criterion has been established for the award of compensation other than injury to the body part).

cent injury caused enough discomfort as to keep him unemployed over a period of time; and now, during his investigation, having documented proof of a previous clinical impression, that he has a disk protrusion at the last disk cushion between the fifth lumbar vertebra, and this affects not only his low back and side but also his left lower extremity.

The employer also asserts that the physician's testimony concerning a 25% disability was without basis. While Dr. Kuhlmann did simply describe the nature of claimant's back injury without setting forth a specific methodology for determining percentage of disability other than his own experience, his testimony was reasonably detailed, and involved a knowledge of claimant's pre-existing back problems and a thorough overall knowledge of claimant's medical history. The attending physician's testimony reasonably supports the Commissioner's determination of a 25% disability.

Employer also contests the award of vocational rehabilitation benefits which provided for retraining in data processing, accounting and personal relations. It asserts that the claimant failed to meet the criteria for vocational rehabilitation benefits set forth in § 19[3] of the Rules pertaining to Workers' Compensation and Occupational Diseases. Vt. Admin. Comp., Dept. of Labor and Industry § 19 (1980). The Commissioner in his findings did address criteria 1-9, though not in order. Employer is correct that the finding with respect to criterion 4 is deficient. While § 19(a)(4) requires that "a qualified physician or appropriate facility has recommended in writing a program of rehabilitation or training . . . .," the Commissioner found only that:

> Dr. Kuhlmann, the claimant's treating physician encouraged and recommended vocational rehabilitation such as the program proposed.

There was no written program other than claimant's typewritten plan, which was discussed but not introduced into evidence. In addition, the Commissioner did not address criterion 9, which states:

---

[3] This section was amended effective March 20, 1985, and became Rule 12.

The retraining or rehabilitation can be completed within a one-year period, or if the program cannot be completed within a one-year period, that there is no other suitable program which is available and which the claimant can complete within a year.

If strict adherence to all criteria under Rule 19 were mandated by the Rule, reversal would follow as a consequence of the decision's failure to meet two of the nine criteria. Section 19(a) must be read in light of § 19(b), however, which states:

(b) The commissioner may order an employer or his insurance carrier to pay the reasonable and necessary expenses associated with vocational rehabilitation services, including retraining and job placement for a claimant under circumstances other than those enumerated in subsection (a) of this section.

Under § 19(b), it is clear that the Commissioner is empowered to award vocational rehabilitation benefits without meeting all of the detailed criteria in § 19(a), subject only to the statutory requirement that the proffered plan be reasonably necessary to restore the claimant to suitable employment. See 21 V.S.A. § 641(b); *Bishop,* 140 Vt. at 578-79, 442 A.2d at 57. In this case, the employer's own expert testified that the benefits ultimately conferred by the Commissioner would enhance claimant's future employability. Moreover, the provision for retraining in data processing, accounting, and personal relations envisioned coursework at Champlain College, according to the testimony. It may be reasonably inferred that this coursework would be completed within one year. While the Commissioner did not strictly comply with criteria 4 and 9 of § 19(a), the plan was in substantial compliance with that section, and was not an abuse of the discretion conferred by § 19(b).

*Affirmed.*