## Stephen Falconer v. Richard and Janet Cameron, d/b/a R & J Cameron Leasing Company

[561 A.2d 1357]

No. 88-311

Present: Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion filed May 5, 1989

*Zuccaro, Willis and Bent*, St. Johnsbury, for Plaintiff-Appellee.

*Jarvis and Kaplan*, Burlington, for Defendants-Appellants.

**Gibson, J.** Defendants appeal from a superior court judgment awarding plaintiff workers' compensation benefits. We affirm.

Defendants Richard and Janet Cameron together operate a trucking business under the name R & J Cameron Leasing Company. Plaintiff's association with defendants began in late 1984, when he started driving one of the four trucks owned by the defendants. Approximately two weeks after plaintiff began driving for them, at defendants' request he executed a document characterized by them as a "lease agreement" in which he stated that he was a "private owner operator" leasing a tractor and trailer from R & J Cameron Leasing Company.*

On June 10, 1985, defendants contacted plaintiff and directed him to drive to a sod farm in Lacolle, Quebec, to pick up a load of sod, which he was then to deliver to Farmington, New Hampshire. Plaintiff picked up the load, returned (at defendants' direc-

---

* The evidence shows that plaintiff did not do any trucking for defendants between January and early June 1985, when he worked for another trucking company. Defendants contended at trial, and plaintiff does not dispute, that the "lease agreement" signed in December 1984 continued in effect despite the hiatus.

tion) to R & J Trucking Company's premises in Alburg, Vermont, for a layover, and then drove to New Hampshire. After the delivery was made, and again following defendants' instructions, plaintiff immediately turned around and headed back to Burlington, where defendants had scheduled some maintenance work to be done on the truck. On the way to Burlington, plaintiff fell asleep and an accident occurred, in which he sustained various injuries, effectively terminating his working relationship with defendants and rendering him unable to work for nine months.

Plaintiff filed a notice of injury and compensation claim with the Vermont Department of Labor and Industry, which, after a hearing on the merits, ruled in his favor. Defendants appealed to the superior court pursuant to 21 V.S.A. §§ 670-671, where a de novo hearing was held on the certified question of whether plaintiff was an employee of defendants at the time of the accident, or alternatively, whether he was an independent contractor. The trial court ruled that despite the "lease agreement," plaintiff was an employee of the defendants and was entitled to disability compensation, medical and hospital benefits, and attorney fees.

The only issue on appeal is whether the trial court correctly answered the certified question. Defendants argue at length that the evidence at trial showed that the parties were linked not by an employer-employee relationship, but by one based on plaintiff's status as an independent contractor. In support, they rely heavily on the evidentiary value of the "lease agreement," which defendant Richard Cameron candidly described as defendants' attempt to absolve themselves of the responsibilities normally placed on employers: withholding taxes, obtaining workers' compensation insurance, and making unemployment compensation contributions.

Under 21 V.S.A. § 601(3), for purposes of the Workers' Compensation Act, an employer is defined as including

> any body of persons, corporate or unincorporated, public or private, . . . and includes the owner or lessee of premises or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workers there employed.

This broadly worded provision was intended, inter alia, to prevent owners of trades or businesses from relieving themselves of

liability under the Act "by doing through independent contractors what they would otherwise do through their direct employees." *King* v. *Snide,* 144 Vt. 395, 401, 479 A.2d 752, 755 (1984).

In determining that plaintiff was not an independent contractor, but an employee, the trial applied the "right to control" test. *Crawford* v. *Lumbermen's Mutual Casualty Co.,* 126 Vt. 12, 17, 220 A.2d 480, 483 (1966). The court found that defendants instructed plaintiff on maintaining the truck, where to park it, and how much of a load to put on it. Plaintiff never contracted directly with a third party to haul goods; instead, defendants would make the arrangements with the third parties and would assign work to plaintiff. Defendants suggested driving routes and directed plaintiff not to drive during inclement weather. Payments were made by the third parties directly to defendants, who would then pay plaintiff 20% of the contract (pursuant to the "lease agreement") while retaining the remaining 80%. In addition, defendants paid all maintenance and fuel costs for the truck.

Thus, despite the wording of the "lease agreement," the court concluded that defendants had "significant control" over plaintiff's work as a driver, and that plaintiff "did not make independent decisions pertaining to the trucking contracts or the truck." In fact, on the day the accident occurred, the court found that

> Plaintiff's sole responsibility was to drive the truck, Defendant had procured the contract, directed the plaintiff to the destinations and required plaintiff to return at a certain time in order to make an appointment that defendant had scheduled. In essence, the defendant was directing the means and methods of the work being performed.

Defendants' arguments on appeal reveal the contested nature of the factual issues present in this case. This Court's duty, however, is not to relitigate the factual issues but to affirm judgments supported by the evidence unless the findings of fact are clearly erroneous. V.R.C.P. 52(a): *Community Feed Store, Inc.* v. *Northeastern Culvert Corp.* 151 Vt. 152, 154, 559 A.2d 1068, 1069 (1989) (evidence to be viewed in light most favorable to prevailing party; findings will be upheld if reasonable or credible, even if contrary evidence exists). A review of the transcript discloses that defendants' arguments go more to the conflicting nature of the evidence presented at trial than to its sufficiency. The record amply supports the court's findings regarding the nature and extent

of control exercised by defendants over plaintiff's truck-driving activities, and those findings support the legal conclusion that an employer-employee relationship existed between the parties.

Defendants' main argument appears to be that the mere existence of the "lease agreement" mandates a conclusion that plaintiff was not an employee for purposes of the Workers' Compensation Act, but an independent contractor. This ignores the broad wording of 21 V.S.A. § 601(3), as well as the Legislature's express direction in 21 V.S.A. § 625 that "[a]n employer shall not be relieved in whole or in part from liability created by the provisions of this chapter by any contract, rule, regulation or device whatsoever." We can think of no more pointed an example of attempting to contract out of one's legal obligations as an employer than the situation presented here.

*Affirmed.*