George FOTINOPOULOS v.
DEPARTMENT OF CORRECTIONS

[811 A.2d 1227]

No. 01-435

---

August 19, 2002. Plaintiff George Fotinopoulos appeals the Labor and Industry Commissioner's dismissal of his claim for workers' compensation. Plaintiff argues

on appeal that the Commissioner erred in finding that he was exempt from coverage under the Workers' Compensation Act ("the Act"), pursuant to 21 V.S.A. § 601(12)(O)(iv), because he was engaged by the State of Vermont Department of Corrections (DOC) under a "special agreement." We hold that plaintiff was an employee of the State for the purposes of the Act, and accordingly, reverse and remand.

The DOC employed plaintiff under a 6-month contract to provide mental health services for inmates at the Northwest State Correctional Facility. The DOC later extended the contract for an additional year. In February 1999, plaintiff, while performing regular contractual duties, sustained a fractured cheek bone when an inmate struck him with his fist. Following this injury, plaintiff filed a workers' compensation claim.

The State filed a motion to dismiss for failure to state a claim and/or motion for summary judgment, arguing that plaintiff was excluded from workers' compensation coverage by § 601(12)(O)(iv) as a person hired under a "special agreement." In May 2000, the Commissioner issued an order denying plaintiff's coverage. Plaintiff filed a motion to reconsider, and in December 2000, the Commissioner vacated its dismissal order and granted plaintiff's request for a hearing on the factual issues. In March 2001, plaintiff filed with the Commissioner a proposed set of findings of fact, which the State denied but did not oppose for the purpose of reconsidering the State's motion to dismiss and/or motion for summary judgment. Both parties then agreed that a formal hearing was not necessary.

In September 2001, the Commissioner again granted the State's motion and dismissed the claim. For the purpose of ruling on the motion, the Commissioner accepted the facts alleged by plaintiff in his proposed findings of fact. These findings included the following: (1) the State supervised plaintiff's daily activities, times of work, and means and methods of job performance; (2) plaintiff performed activities that were "categorically typical of those provided by" the State; (3) plaintiff did not engage in an independently established trade, occupation, profession or business; (4) the State paid plaintiff an hourly wage through the state payroll system and withheld state and federal taxes and FICA contributions; (5) the State required plaintiff to work 40 hours a week. Following the Commissioner's ruling, plaintiff filed this appeal.

Plaintiff argues that the Commissioner erred in finding that he was exempt from workers' compensation coverage because of the "special agreement" exception to workers' compensation pursuant to § 601(12)(O)(iv) of the Act. Plaintiff contends that, for the purpose of the Act, "special agreement" means "independent contractor," and, plaintiff argues, because the State exercised control over his activities and treated him similar to the way it treated regular employees, he was essentially an employee of the State, not an independent contractor.

The sole issue in this appeal is the proper interpretation of "special agreement" in 21 V.S.A. § 601(12)(O)(iv) of the Act. An administrative agency's interpretation of a statute within its area of expertise is presumed to be correct, valid and reasonable. *In re Prof'l Nurses Serv., Inc.*, 164 Vt. 529, 532, 671 A.2d 1289, 1291 (1996). This presumption, however, does not prevent us from disturbing statutory interpretations that are unjust or unreasonable, lead to absurd consequences, or manifest a compelling indication of error. *Bedini v. Frost*, 165 Vt. 167, 169, 678 A.2d 893, 894 (1996).

The two-fold purpose of workers' compensation is to provide employees a remedy that is "expeditious and independent of proof of fault" and to provide employers "a liability which is limited and determinate." *Morrisseau v. Legac*, 123 Vt.

70, 76, 181 A.2d 53, 57 (1962). To effectuate this purpose, the language of the workers' compensation statute is "all-embracing" in defining who falls into the categories of employer and employee. *Id.* Section 625 of the statute, which states that "[a]n employer shall not be relieved in whole or in part from liability . . . by any contract, rule, regulation or device whatsoever," supports this statutory interpretation. Moreover, we have interpreted the broad definition of "employer" under § 601(3) as demonstrating that the Legislature intended "to prevent owners of trades or businesses from relieving themselves of liability under the Act 'by doing through independent contractors what they would otherwise do through their direct employees.' " *Falconer v. Cameron*, 151 Vt. 530, 531-32, 561 A.2d 1357, 1358 (1989) (quoting *King v. Snide*, 144 Vt. 395, 401, 479 A.2d 752, 755 (1984)). With respect to employment in the public sector, however, the Act provides specific exceptions to who can be defined as an "employee," including elected public officials, certain employees of the judiciary, and individuals hired under retainer or "special agreement." 21 V.S.A. § 601(12)(O).

In order to prevent employers from avoiding their responsibilities to provide workers' compensation, this Court has considered various factors to discern whether work performed under an independent contract is actually done under an employer/employee relationship. See *Candido v. Polymers, Inc.*, 166 Vt. 15, 20, 687 A.2d 476, 480 (1996) (worker could be considered employee if worker submitted to employer's direction and control); *King*, 144 Vt. at 401, 479 A.2d at 755 (independent contractor can be considered employee for purposes of workers' compensation if independent contractor's work was "of the type that could have been carried out by employees of the owner or proprietor in the course of his

usual trade or business"); *Blake v. American Fork & Hoe Co.*, 99 Vt. 301, 304, 131 A. 844, 845 (1926) (independent contractor was not employee because he carried out business of his own).

Determining whether a work relationship constitutes an employer/employee relationship must be done on a "case by case basis." *King*, 144 Vt. at 401, 479 A.2d at 755. Here, the Commissioner's factual findings weigh heavily in favor of a conclusion that plaintiff was an employee for the purposes of workers' compensation. Among the Commissioner's findings which support factors we have previously identified as significant to the establishment of an employee-employer relationship for workers' compensation purpose were findings that the State exercised direction and control over plaintiff and required him to work 40 hours a week, *Candido*, 166 Vt. at 21, 687 A.2d at 480; plaintiff's activities were typical of those provided by regular employees at the DOC, see *King*, 144 Vt. at 401, 479 A.2d at 755; and plaintiff was not engaged in a business for his own pecuniary gain. *Id.*

The State argues that the plain language of the contract between plaintiff and the State shows that the parties both intended that plaintiff would not be covered by workers' compensation. While it is true that the parties' contract clearly and unambiguously contracted out workers' compensation benefits, this contract is exactly the type that § 625 was intended to prohibit. "A contract whose formation or performance is illegal may be held void and unenforceable . . . ." *My Sister's Place v. City of Burlington*, 139 Vt. 602, 613, 433 A.2d 275, 282 (1981); see also Restatement (Second) of Contracts § 178 (1981) ("[a] promise or other term of an agreement is unenforceable on grounds of public policy if legislation provides that it is unenforceable"). Given the clear prohibition expressed in § 625, the State cannot rely on its contract with

plaintiff to avoid workers' compensation obligations.*

Moreover, the State acknowledged that the relationship between the State and plaintiff was more akin to that of an employer and an employee when it adopted a policy of paying plaintiff through the state payroll system and withholding federal and state taxes, as well as FICA contributions. This policy, disseminated by the State Agency of Administration, applied the "ABC test" to determine whether a state agency is liable for tax withholdings. We need not endorse plaintiff's assertion that the "ABC test" customarily used to assess whether an employer is liable for unemployment compensation, see *Burchesky v. Dep't of Employment & Training*, 154 Vt. 355, 360, 577 A.2d 672, 674 (1989), should be applied to assess employer liability for workers' compensation in order to note the anomaly of the State's position in this case.

It is instructive to observe that the State itself in identifying an employer-employee relationship refers to the "contractual label" as "meaningless" if the State exercises supervision over daily activities of the individual; the services

---

* The State also relies on *Fitzpatrick v. Vermont State Treasurer*, 144 Vt. 204, 475 A.2d 1074 (1984), in settling on a broad definition of "special agreement." Given that *Fitzpatrick* addressed exceptions to benefits available under the Vermont Employees' Retirement System and that plaintiff in *Fitzpatrick* worked under substantially different circumstances than plaintiff in the instant case, the *Fitzpatrick* decision is not dispositive in this matter. See *id.* (plaintiff, who worked less than a five-day week for first few years of his contract with State, was not employee for purposes of Vermont Employees' Retirement System where State paid plaintiff on per diem basis and did not withhold federal or state taxes).

rendered are categorically typical of those provided by the state agency for whom the individual is working; and the individual "does not customarily engage in an independently established trade, occupation, profession, or business or does not retain the ability to engage other clients during the term of the contract." At the very least, the State's judgment of factors it considers critical to the identification of an employer-employee relationship cannot be deemed irrelevant to our own inquiry.

The State argues that the law requires a finding that "special agreement" under 21 V.S.A. § 601(12)(O)(iv) should be interpreted broadly, contending that if interpreted otherwise, this provision would be meaningless. The State also argues that because the law favors more specific provisions of a statute over more general provisions, the "special agreement" exception should be applied in public sector cases, such as this one, over the general prohibition of contracting out of workers' compensation obligations in § 625. Furthermore, the State contends that because § 601(12)(O)(iv) is a more recent addition to the statute than § 625, it should be favored in interpreting the statute. While the rules of statutory construction invoked by the State can be helpful, "[r]ules of statutory construction . . . are not talismans. We have often stated that they are merely aids, to be disregarded in an appropriate case." *State v. Desjardins*, 144 Vt. 473, 475, 479 A.2d 160, 161 (1984). "The fundamental rule, underlying all other rules of statutory construction, is that this Court must give effect to the intent of the Legislature." *Viskup v. Viskup*, 150 Vt. 208, 210, 552 A.2d 400, 401 (1988). We look to the " 'subject matter, the effect and consequences, and the reason and spirit of the law' " in comprehending the legislative intent. *Sagar v. Warren Selectboard*, 170 Vt. 167, 171, 744 A.2d 422, 426 (1999) (quoting *In re P.S.*, 167 Vt. 63, 70, 702 A.2d 98, 102 (1997)). We will not construe

a provision or term in a manner that renders the overall statute ineffective or leads to irrational consequences. *Town of Killington v. State*, 172 Vt. 182, 189, 776 A.2d 395, 401 (2001).

We are cognizant of the State's argument that the Legislature, in exempting individuals retained by special agreement from the definition of "public employee," sought to ensure state government flexibility in meeting demands that may require reliance on individuals not within regular state government employment. But we do not believe the Legislature intended that such flexibility be predicated on the unchecked discretion to deny workers' compensation to an individual who clearly falls within the definition of an employee. Here, every factor significant to identifying plaintiff as an employee was found by the Commissioner to be present. That plaintiff entered into the employee-employer relationship by "special agreement" is not enough — under the facts of this case — to evade the purpose of the Workers' Compensation Act to provide a remedy for workers injured on the job.

*Reversed and remanded.*