STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re: Entergy Nuclear/ Vermont Yankee | } | |
| Thermal Discharge permit amendment | } | Docket No. 89-4-06 Vtec |
| (Appeal of Connecticut River Watershed Council, | } | |
| Trout Unlimited (Deerfield/Millers 349 Ch.), | } | |
| and Citizens Awareness Network) | } | |
| (Appeal of New England Coalition | } | |
| on Nuclear Pollution) | } | |
| (Cross-Appeal of Entergy Nuclear | } | |
| Vermont Yankee, LLC) | } | |
| | } | |

Decision and Order on Motions for Interlocutory Appeal
as to Standard of Review and as to Issuance of Stay Pending Appeal

Appellants Connecticut River Watershed Council, Trout Unlimited (Deerfield/Millers 349 Chapter), Citizens Awareness Network (Massachusetts Chapter) and New England Coalition on Nuclear Pollution, and Cross-Appellant Entergy Nuclear Vermont Yankee, LLC, appealed from a decision of the Vermont Agency of Natural Resources, approving an amendment of a thermal discharge permit issued to Entergy Nuclear Vermont Yankee, LLC.

Appellants Connecticut River Watershed Council (CRWC), Trout Unlimited, and Citizens Awareness Network (CAN) (collectively: the CRWC Appellants) are represented by Patrick A. Parenteau, Esq., David K. Mears, Esq., and Justin E. Kolber, Esq.; Appellant New England Coalition on Nuclear Pollution (NECNP) is represented by Evan J. Mulholland, Esq.; Cross-Appellant-Applicant Entergy Nuclear Vermont Yankee, LLC (Entergy) is represented by Elise N. Zoli, Esq., Matthew S. Borick, Esq., Sarah Heaton Concannon, Esq., U. Gwyn Williams, Esq.; Haimavathi Marlier, Esq.; Robert A. Miller, Jr.,

1

Esq.; R. Bradford Fawley, Esq.; and Zachary R. Gates, Esq.; the Vermont Agency of Natural Resources is represented by Catherine Gjessing, Esq. and Warren T. Coleman, Esq.; and the Water Resources Panel of the Natural Resources Board is represented by John H. Hasen, Esq.

Motion for Interlocutory Appeal as to De Novo Standard of Review

Entergy has moved for permission to take an interlocutory appeal of this Court's June 6, 2007 decision that the statute governing this appeal established a de novo standard of review. As this Court has stated in its prior decisions of September 1, 2006 and January 9, 2007, as well as in the June 6, 2007 decision, the Vermont Legislature has directed this Court to apply a de novo standard of review in an appeal of an Agency of Natural Resources permit decision, such as the present appeal. 10 V.S.A. §8504(h); V.R.E.C.P. 5(g).

Vermont Rule of Appellate Procedure 5(b)(1) provides for an interlocutory appeal of an order or ruling upon the trial judge's finding "that the order or ruling involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the termination of the litigation."

Taking these requirements in turn, the Court's ruling that the de novo standard of review of 10 V.S.A. § 8504(h) governs this appeal is certainly a controlling question of law.

There is, however, no "substantial" ground for a difference of opinion as to the plain meaning of the statute. The statute specifically provides that the "environmental court, applying the substantive standards that were applicable before the tribunal appealed from, shall hold a de novo hearing on those issues which have been appealed." 10 V.S.A. §8504(h). The statute goes on to state two exceptions,[1] neither of which is applicable to the

_____

[1] The two exceptions apply to municipal decisions being appealed on the record pursuant to 24 V.S.A. ch. 117 in municipalities which have adopted on-the-record proceedings, and decisions of the commissioner of forests, parks and recreation being

present water permit amendment appeal.

The principles of statutory interpretation do not even apply unless the language of a statute is ambiguous. A court cannot alter the clear language of a statute; the terms of 10 V.S.A. §8504(h) preclude this Court's application of the more deferential standard of review preferred by Entergy. "'Courts are limited to the interpretation of statutes to effect the purpose expressed by the legislature which enacted them. If the main thrust of a statute seems unfair or unjust, the remedy must be sought in a legislative change. It cannot be furnished by judicial action in the guise of interpretation.'" Cavanaugh v. Abbott Labs., 145 Vt. 516, 531 (1985) (quoting King v. Snide, 144 Vt. 395, 404 (1984)).

Finally, an immediate appeal of this issue would not materially advance the termination of the litigation, as the evidence to be taken during the evidentiary hearing would not be substantially different under either standard of review. Even if the Supreme Court were to agree with Entergy that the use of the term "de novo" in the statute should be interpreted to provide instead a more deferential standard of review, all that would be required on remand from the Supreme Court would be for this Court to apply the different standard (as stated by the Supreme Court) to the evidence already taken.

Therefore, Entergy's motion for permission to take an interlocutory[2] appeal of the Court's decision of June 6, 2007 regarding the governing standard of review is DENIED.

---

appealed on the record under 10 V.S.A. § 2625 (the "heavy cutting" logging statute).

[2] Even if the motion had been made under V.R.A.P. 5.1, while the Court's ruling does conclusively determine a disputed question and resolves an important issue completely separate from the merits of the action, it will not be "effectively unreviewable on appeal from a final judgment," and therefore also does not qualify for a collateral final order appeal under V.R.A.P. 5.1.

<u>Motion for Interlocutory Appeal Regarding Stay</u>

Entergy has also moved under V.R.A.P. 5 for permission to take an interlocutory appeal of this Court's June 6, 2007 decision to stay the effectiveness of the permit amendment at issue in this <u>de</u> <u>novo</u> appeal (while the question of whether to grant the permit amendment is being litigated before this Court) to preserve the status quo of the existing permit terms during the pendency of the litigation.   The CRWC Appellants and the ANR do not oppose this request; nevertheless, even if NECNP also agreed to the interlocutory appeal, the Court remains obligated under V.R.A.P. 5(b)(1) to make findings as to whether the requirements for interlocutory appeal are met.

The evidentiary hearing is scheduled to begin on June 26, 2007, and to proceed on June 27, 28, and 29, and on July 5, 6, 9, 10, 11, 12, 13, 26, and 27.  It may continue on certain reserved dates in August if necessary, but otherwise can be expected to be concluded with a decision issued by mid-September, if not earlier.

Pursuant to 10 V.S.A. § 8504(f), which  authorizes this Court to issue a stay, "[a]ny decision under this subsection to issue a stay shall be subject to appeal to the supreme court according to the Rules of Appellate Procedure."  V.R.E.C.P. 5(k)(5); V.R.A.P. 5 and 5.1.

Applying the factors set forth in V.R.A.P. 5(b)(1), while the Court's June 6, 2007 decision to issue a stay does involve substantial ground for a difference of opinion as to the <u>facts</u> of whether there is a substantial possibility of the Appellants' prevailing on the merits, the only controlling question of law, other than the <u>de</u> <u>novo</u> standard of review already discussed above, is whether the 'status quo' in a <u>de</u> <u>novo</u> appeal such as this one is the existing permit (as it existed prior to the amendment which is the subject of the appeal) or whether the 'status quo' is  the permit including the amendment as granted by the ANR.

The stay issued on June 6, 2007, is only in effect until the Court rules on the merits of the pending amendment application, a matter of approximately three months from the

present time. Even assuming that the Supreme Court briefing schedule were to be expedited, Entergy's June 12, 2007 memorandum, at p. 5, suggests that such an 'expedited' appeal would be decided by November 1, 2007. As this date would be <u>after</u> the stay would have expired, an interlocutory appeal of the stay order, even if expedited, would not materially advance the termination of the present litigation. Therefore, even if there were a substantial ground for a difference of opinion as to what constitutes the 'status quo' in this <u>de</u> <u>novo</u> appeal, the interlocutory appeal does not meet the remaining requirement of V.R.A.P. 5(b)(1). Entergy's motion for permission to take an interlocutory appeal of the Court's June 6, 2007 decision to issue a stay of the permit amendment on appeal, leaving the underlying permit terms in effect, is therefore also DENIED.

We note that V.R.A.P. 5(b)(1) allows a moving party whose motion is denied to apply (within ten days of the denial) to the Supreme Court for permission to take the interlocutory appeal, and allows five days after service of the motion for any responses. Accordingly, we must specifically state that the trial on the merits remains scheduled to begin on June 26, 2007, and that, as of the present time, the Court expects the parties to proceed with the evidentiary hearing pending any ruling from the Supreme Court if any such motion is filed. Please bring any requests for any changes to the trial schedule to the attention of the Court staff as soon as possible; the parties also must discuss any such schedule requests among themselves before involving the Court.

Done at Berlin, Vermont, this 19th day of June, 2007.

_____
Merideth Wright
Environmental Judge