IDELLA LOWELL O'BOYLE ET AL. *v.* PARKER-YOUNG COMPANY.

October Term, 1920.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 5, 1921.

*Master and Servant—Workmen's Compensation Act—Test of "Employment" Under Act—Manufacturer Owning Lumber Hauled by Contractor's Driver Injured on Highway Employer of Driver—No Inference That Lumber Hauled Was to Be Used in Business Insured—Statutes Giving Right of Appeal Liberally Construed—Appeal Filed Within Time Allowed for Appeal to County Court Valid—Case May Be Remanded to Avoid Injustice—Papers not Part of Record Will not Be Considered.*

1.   Under the Workmen's Compensation Act (G. L. 5758, subds. I and V), if the work being done pertains to the business, trade, or occupation of the claimed employer, carried on by him for gain, the fact that it was being done through the medium of an independent contractor does not relieve him from liability.

2.   Defendant, a manufacturer owning lumber to be shipped to its factory, was virtually the proprietor of the business of hauling the lumber being carried on at the time of the accident to a teamster, as distinguished from J., the immediate employer of the teamster, who had contracted to haul the lumber and load it on the cars at a specified price per thousand, and the teamster was a workman employed for the purpose of carrying on the defendant's business, within the meaning of the Workmen's Compensation Act.   (G. L. 5758, subds. I, II, and V.)

3. The Court cannot infer that, because the particular lumber the teamster was hauling at the time of the accident was to be shipped to the place where the defendant had a factory for the manufacture of sounding boards, etc., it was to be used in that business or occupation.

4. Statutes giving the right of appeal are to be liberally construed in the furtherance of justice.

5. The fact that a motion for an appeal to the Supreme Court from an order of the Commissioner of Industries is filed within the time when either party may appeal to the county court, does not invalidate the appeal.

6. The Supreme Court, on proper motion, may remand a case for a new trial to the end that no injustice be done, although no error was found in the proceedings below.

7. The transcript of the proceedings below, and papers and documents, whatever their character, unless made a part of the record, cannot be considered and should not be mingled with other papers that are properly before the Court.

APPEAL by the plaintiffs from the order of the Commissioner of Industries disallowing their claim for compensation under the Workmen's Compensation Act as dependents of R. N. Lowell, who died from injuries received, it was claimed, while in the employment of the defendant. The opinion states the case.

*Amey & Cameron* for the plaintiffs.

*Searles & Graves* for the defendant.

SLACK, J. From an order of the Commissioner of Industries disallowing their claim for compensation under the Workmen's Compensation Act, the claimants bring this appeal. The only question certified to this Court by the commissioner, is whether on the facts found by him the claimants, or any of them, are entitled to compensation.

The facts are these, in substance: The defendant, a corporation, is extensively engaged in manufacturing sounding boards, house finish, and boxes, at factories located, respectively, at Orleans, Vermont, and Lisbon, New Hampshire. In October, 1915, it owned a quantity of lumber stacked in piles on the Ed. Chandler farm, so-called, located in this State, a few miles

from East Barnet, which it contracted, in writing, with one C. B. Joy to haul to East Barnet and there load onto cars ready for shipment. He was to ''draw all of the lumber in the first setting in this coming winter and to finish the job by April 1, 1917.'' He was to order in the cars necessary for shipping the lumber, and bill them out when loaded, load lumber of different kinds and thickness on separate cars as ordered, and keep the ''yard picked up in good shape.'' For this work he was to receive $2.00 per thousand for the soft lumber, and $2.40 for the hard lumber, to be paid the first of each month for all tallies received at the Lisbon office at that time. At the time this contract was made, Joy had in his employ, as a farm hand and teamster, a man named Lowell, who was the husband of the claimant Idella Lowell O'Boyle, and the father of the other claimants. Lowell, under orders from Joy, commenced hauling the lumber from the Chandler farm to East Barnet, and while so engaged, on November 2, 1915, a bridge over which he was passing broke down, and he received injuries from which he died February 25 following. The defendant had no control over the way or manner in which Joy or Lowell performed this contract beyond what is above stated. Neither was it the owner or lessee of the land where the injury occurred or the land where the lumber was stacked, at least the commissioner so found. It is found that the injuries from which Lowell died arose out of and in the course of his employment. The contract is silent as to where the lumber was to be shipped from East Barnet, but the lumber which Lowell was hauling at the time he was injured was to be shipped to the defendant's factory at Lisbon.

The defendant insists that the order of the commissioner dismissing the claimants' application for compensation should be affirmed, because it does not appear: (1) That Lowell was an employee of the defendant; (2) that the defendant was hauling lumber for pecuniary gain; (3) that it was the proprietor or operator of the business carried on at the place of the accident; and (4) that Lowell's employment was for the purpose of the defendant's trade or business.

While it appears that Lowell was in the employ of Joy, and entirely under his control, at the time of the accident, such facts are not determinative against the claimants' rights. G. L. 5758 provides how certain words and phrases used in the Workmen's Compensation Act shall be construed; and subdivision I reads as

follows: " 'Employer' to include any body of persons, corporate or unincorporated, public or private, and the legal representative of a deceased employer, and to include the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed." Subdivision V of the same section provides: " 'Employment' in the case of private employers, to include employment only in a trade or occupation which is carried on by the employer for the sake of pecuniary gain."

[1]   It was the evident intention of the Legislature to make the person or persons, company or corporation, that for practical purposes was the proprietor or operator of the business carried on the employer within the meaning of the statute, though not actually the employer of the workmen by reason, among others, of there being an independent contractor who was the direct employer. Under the provisions of the statute quoted, the true test is: Did the work being done pertain to the business, trade, or occupation of the defendant, carried on by it for pecuniary gain? If so, the fact that it was being done through the medium of an independent contractor would not relieve the defendant from liability. *Packett* v. *Moretown Creamery Co. et al.,* 91 Vt. 97, 99 Atl. 638, L. R. A. 1918 F, 173. The cases relied upon by defendant as supporting a different view on this point turn on the construction of statutes unlike ours.

No question is made but that the defendant carried on the business of manufacturing sounding boards, etc., for pecuniary gain. It is a matter of common knowledge that these articles are manufactured from lumber. And if the defendant manufactured the lumber it used for that purpose that would clearly constitute an occupation, either in and of itself, or as a part of the main project of manufacturing sounding boards, etc. This would be true, too, of the work of moving the lumber from the place where it was manufactured to the factory where it was used, whether the distance was several miles or only a few rods.

[2]   We think that the defendant was virtually the proprietor of the business being carried on at the place of the accident, within the meaning of the statute first above quoted, as distinguished from Joy, who may properly be said to have been the operator, and that Lowell was a workman employed for the pur-

pose of carrying on the defendant's business, within the meaning of G. L. 5758, subdivisions I and II.

[3] The record does not show, however, that the employment in which Lowell was engaged at the time of the accident was for the purpose of the defendant's occupation or business of manufacturing sounding boards, or, if not, that it was an occupation carried on by the defendant for the sake of pecuniary gain. We cannot infer that because the particular lumber which Lowell was hauling at the time of the accident was to be shipped to the place where the defendant had a factory for the manufacture of sounding boards, that it was to be used in that business or occupation.

Because of this shortage in the record, the order must be affirmed unless the case be remanded for further proceedings. The claimants have filed a motion asking that this be done. This motion is opposed by the defendant on the grounds that this Court is without jurisdiction of the case, and because, as it claims, the statute permitting this Court to "remand the cause to said commissioner for further findings" (G. L. 5808) applies only to cases where error is found, and it is consequently necessary to remand for further findings that the error may be corrected.

The claim that this Court is without jurisdiction rests on the fact that the motion for this appeal was filed within the time allowed by statute for either party to appeal to the county court. G. L. 5807, 5808. The final order of the commissioner was entered February 21, 1918, and the motion for appeal was filed February 28. In support of its claim, the defendant calls attention to cases where this Court has dismissed appeals in chancery, and exceptions in actions at law, when not filed within the time fixed by statute. But these cases are not in point. Neither is *Abbott* v. *Sanders et ux.*, 83 Vt. 165, 74 Atl. 1058, where the appeal was filed before final decree had been entered. See, also, 3 C. J. 1075, where cases on this subject are collected.

[4, 5] Aside from the provisions of G. L. 5831 that "In construing the provisions of this chapter, the rule of law that statutes in derogation of the common law are to be strictly construed shall not be applied," the general rule is that statutes giving the right of appeal are to be liberally construed in the furtherance of justice. Sutherland on Statutory Construction, par. 440. We think that the appeal should be sustained. While

neither party can prosecute an appeal to this Court if the other party takes an appeal to the county court within ten days, etc., we do not think the fact that the motion for appeal to this Court is filed within the ten days invalidates the appeal. Such motion, of course, would be inoperative until the expiration of the ten days within which the other party might appeal to the county court, but no reason is apparent why it should not then have the same force, if the other party has not exercised his right to appeal to the county court, as though filed after the expiration of the ten days.

[6]    We do not agree with the defendant as to the scope of G. L. 5808, authorizing a remand for further findings, but, regardless of this statute, we may, under our practice, remand a cause for a new trial to the end that no injustice be done. *Rice et al.* v. *Bennington County Savings Bank,* 93 Vt. 493, 108 Atl. 708; *Hebard* v. *Cutler,* 91 Vt. 218, 99 Atl. 879; *LaPoint* v. *Sage,* 90 Vt. 560, 99 Atl. 233. Enough appears in the record to satisfy us that the claimants may have a meritorious case if the facts are properly presented, and we think that they should have an opportunity to have this done.

[7]    The transcript of the proceedings before the commissioner was furnished by the claimants, but it is no part of the record, and therefore has not been examined. Papers and documents whatever their character, unless made part of the record, cannot be considered, and should not be mingled with other papers that are properly before the Court.

It is admitted that the claimant Idella is not entitled to compensation for reasons not necessary to state.

*The order of the commissioner is affirmed as to Idella Lowell O'Boyle, and as to the other claimants the order is. reversed pro forma, and cause remanded to the Commissioner of Industries for further proceedings.*