342 So.2d 1217 (1977)
Charles T. PULLIG, Plaintiff-Appellant,
v.
SHREVEPORT PACKING COMPANY, INC. OF KANSAS, et al., Defendants-Appellees.
No. 13148.
Court of Appeal of Louisiana, Second Circuit.
February 14, 1977.
Bethard & Davis by J. Q. Davis, Coushatta, for plaintiff-appellant.
*1218 Blanchard, Walker, O'Quin & Roberts by Joseph W. Milner, Shreveport, for defendant-appellee, John Morrell & Co.
Before BOLIN, HALL and MARVIN, JJ.
HALL, Judge.
Plaintiff, a truck driver employed by Shreveport Packing Company, Inc. of Kansas, filed suit seeking recovery in tort for damages allegedly arising out of a heart attack sustained by him while unloading a meat truck in Memphis at the direction of an employee of John Morrell & Company. Named as defendants were Shreveport Packing Company, its insurer, John Morrell & Company, and executive officers of the companies. Shreveport Packing and its insurer, who were paying workmen's compensation benefits to plaintiff, were dismissed from the suit on an exception of no cause of action grounded on plaintiff's exclusive remedy being workmen's compensation benefits. Morrell obtained a dismissal from the suit by summary judgment based on a finding that Morrell was a statutory employer of plaintiff at the time of the heart attack, and that plaintiff's sole remedy against Morrell was workmen's compensation. Plaintiff appealed from the summary judgment in favor of Morrell.
In support of its motion for summary judgment, Morrell attached an affidavit by the president of Shreveport Packing which recited that at the time of the heart attack plaintiff was driving a Morrell truck under the terms of a "Driver's Agreement" between Shreveport Packing and Morrell.
A copy of the "Driver's Agreement" was also attached. The agreement states that Morrell conducts a private carriage operation for the purpose of delivering its own products to its customers or of picking up material belonging to it or others for delivery to its own plants or others, in vehicles owned or leased by Morrell. In the agreement, Shreveport Packing agreed to supply drivers to Morrell for use in the carriage operation, under Morrell's direction as to routes, delivery, loading and unloading.
Plaintiff's counter affidavit does not contradict the facts established by defendant's affidavit and supporting documents. In pertinent part plaintiff's affidavit merely recites that plaintiff was unaware of the arrangement between Shreveport Packing and Morrell and has been unable to determine the relationship between the companies because of defendant's failure to answer interrogatories. Answers to the interrogatories, consistent with defendant's affidavit and the attached agreement, were filed before summary judgment was rendered.
When an employee (plaintiff) of an independent contractor (Shreveport Packing) is injured by the negligence of the principal (Morrell) for whom the independent contractor is performing a service, the employee has no right to recover in tort from the principal if the work being performed is a necessary, essential, and integral part of the principal's business, and the employee's exclusive remedy, against either his own employer or the principal, is workmen's compensation. LSA-R.S. 23:1061; LSA-R.S. 23:1032; Broussard v. Heebe's Bakery, Inc., 263 La. 561, 268 So.2d 656 (1972); Foster v. Western Electric Company, 258 So.2d 153 (La.App.2d Cir. 1972).
The record in this case establishes that the work being carried out by plaintiff was a necessary, essential, and integral part of Morrell's business and was being performed pursuant to a contract between plaintiff's employer as contractor and Morrell as principal. Plaintiff's exclusive remedy against Morrell is for workmen's compensation benefits and he has no cause of action against Morrell in tort. Nothing in the record discloses a genuine issue as to any material fact pertinent to this holding.
Appellant contends the workmen's compensation statute is not applicable because he was unaware of the relationship between Shreveport Packing and Morrell. Liability of the principal for workmen's compensation benefits under LSA-R.S. 23:1061 and the exclusiveness of that liability under LSA-R.S. 23:1032 does not depend on the employee's awareness or understanding *1219 of the relationship between the principal and the independent contractor, but on the existence in fact of such relationship.
Appellant also contends that summary judgment is inappropriate in this case because appellant has not had adequate opportunity to discover whether the relationship between Shreveport Packing and Morrell is in fact that of principal and independent contractor.
The affidavit and "Driver's Agreement" attached to the motion for summary judgment is sufficient evidence that the relationship is that of principal and independent contractor. LSA-C.C.P. Art. 967 provides that when a motion for summary judgment is made and supported the adverse party "must set forth specific facts showing that there is a genuine issue for trial." In the instant case, plaintiff's affidavit stated that he was unable to determine the relationship between Shreveport Packing and Morrell because they had refused to answer interrogatories. As previously noted, answers to the interrogatories were filed prior to rendition of the summary judgment. Plaintiff does not allege or state any specific facts negating the relationship as set forth in the Driver's Agreement. He neither states the specific relationship between Shreveport Packing and Morrell that he believes can be established, nor any legal argument which will support a finding that Morrell was not plaintiff's statutory employer. Summary judgment was appropriate in this case.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.