Robinson v. Hodgdon Brothers, Inc., No. S110-3-00 Wrcv (Teachout, J., Nov. 17, 2003)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
WINDSOR COUNTY, SS.

| | | |
|---|---|---|
| PAULINE ROBINSON,[1] individually and | : | WINDSOR SUPERIOR COURT |
| as Representative of the ESTATE OF | : | |
| KEITH A. ROBINSON, SR., DECEASED, | : | DOCKET NO. S110-3-2000 Wrcv |
| and on behalf of the next of kin, | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| HODGDON BROTHERS, INC., and | : | |
| DARCY G. HODGDON, | : | |
|     Defendants | : | |

DECISION RE:
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (filed July 25, 2003)

This is an action under 14 V.S.A. §§ 1491 and 1492 for the wrongful death of Keith A. Robinson, Sr., which occurred on November 10, 1998, on the premises known as Hodgdon's Salvage Yard in Ascutney, Vermont. Attorney Charles L. Powell represents the plaintiff. Attorney Kaveh S. Shahi represents the defendants.

Defendants have again filed a renewed motion for summary judgment, maintaining that the action is barred by the exclusive remedy provisions of the workers' compensation statutes. Judges Cheever and Cook have denied earlier motions for summary judgment, citing remaining questions about the extent to which Hodgdon Brothers, Inc. (Hodgdon Brothers) operated as a separate entity from Quick Fix Truck Parts, Inc. (Quick Fix), which paid Mr. Robinson's wages and provided him with workers' compensation.[2] Subsequently the parties have conducted

_____

[1] There has been a suggestion of death upon the record, and Lori A. Perron has been appointed as Successor Administrator of the Estate of Keith A. Robinson, Sr.

[2] See Entry Order Re: Defendants' Motion for Summary Judgment (Cheever, J., 1/12/01) (allowing more discovery concerning identities, activities, and operations of the two corporations); Decision Re: Defendants' Motion for Summary Judgment, reported at 6 Vt.Tr.Ct.Rep. 315 (Cook, J.,

further discovery, and the Vermont Supreme Court has issued a new decision clarifying the circumstances under which an independent entity may qualify as a "statutory employer" within the meaning of 21 V.S.A. § 601(3) and claim immunity from tort suit under 21 V.S.A. § 622. *See* Edson v. State, 2003 VT 32, 14 Vt.L.W. 89 (2003). At a status conference on June 30, 2003, Judge Cook issued a handwritten entry that "Parties may submit a new MSJ based on Edson case."

On November 10, 1998, Keith Robinson Sr. was working at Hodgdon's Salvage Yard under the direction of Darcy Hodgdon. Quick Fix and Hodgdon Brothers were two separate corporations that both employed workers at the Salvage Yard. Darcy G. Hodgdon was the sole shareholder and president of both corporations, and controlled all operations. All employees of both corporations reported to Mr. Hodgdon; he had the authority to hire and fire, to determine salaries or other benefits, or to take disciplinary action if necessary. He did and continues to issue work orders. Mr. Robinson, like most of the workers, was an employee of Quick Fix.

As Judge Cook noted in his Decision dated February 15, 2002, there are some differences between Hodgdon Brothers and Quick Fix. Mr. Hodgdon and Hodgdon Brothers have operated the salvage yard for many years, whereas Quick Fix was incorporated only in 1995. It was formed to provide Hodgdon Brothers employees with workers' compensation insurance after a dispute between Darcy Hodgdon and Hodgdon Brothers' previous workers' compensation carrier. As such, it was organized to fulfill Hodgdon Brother's obligation to provide its employees with workers' compensation benefits. Generally Quick Fix handles the payroll for most employees, but some employees have been paid by Hodgdon Brothers and not Quick Fix. Quick Fix carried workers' compensation insurance at the time of the accident, whereas Hodgdon Brothers did not. Funds were transferred from Hodgdon Brothers to Quick Fix from which Quick Fix met its payroll.

Plaintiff points out differences between the two corporations in her Answer to Defendant's Motion (filed August 25, 2003). Quick Fix was responsible for control of laborers and cutters, but it did not own, purchase or sell barrels or other salvage, as Hodgdon Brothers did. Hodgdon Brothers set the salvage pricing and transacted all the salvage sales. Hodgdon Brothers received payments from salvage customers and maintained salvage customer lists, whereas Quick Fix did not. Id. at 4-5. (Defendants' Motion at 11). While it is undisputed that these differences exist, the question is whether the defendants operated separately from Quick Fix such that Hodgdon Brothers does not have "statutory employer" immunity from third party suit, or whether one or both of them had a non-employment related duty to Mr. Robinson which was breached, causing the accident.

---

2/15/02) (based on record, court was unable to conclude that Quick Fix and Hodgdon Brothers were essentially the same entity for workers' compensation purposes); Entry Regarding: Defendants' Motion for Reconsideration (Cook, J., 3/28/02) (disputed facts concerning the extent to which Hodgdon Brothers operated as a separate entity from Quick Fix); Decision Regarding: Defendants' Renewed Motion for Summary Judgment (Cook, J., 1/21/03) (still facts in dispute concerning the extent to which Hodgdon Brothers operated as a separate entity from Quick Fix).

Summary judgment is appropriate if there are no material facts in dispute, and if any party is entitled to a judgment as a matter of law. V.R.C.P. 56(c)(3). Generally, the moving party has the burden of proof, and the opposing party must be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue of material fact exists. Price v. Leland, 149 Vt. 518 (1988). However, "[w]here the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case. . . . The burden then shifts to the nonmoving party to persuade the court that there is a triable issue of fact." Boulton v. CLD Consulting Engineers, 2003 VT 72 ¶ 5, 14 Vt.L.W. 238, 239 (2003) (quoting Ross v. Times Mirror, Inc., 164 Vt. 13, 18 (1995)).

In earlier decisions on summary judgment, Judge Cook rejected a *per se* rule that closely related corporations should all be treated as employers protected by the exclusivity provisions of the workers' compensation act. Courts from other states have held that multiple corporations could raise an affirmative defense that they functioned as one entity. Judge Cook concluded that plaintiff could pursue tort compensation from Hodgdon Brothers, and from Darcy Hodgdon in his capacity as an officer of Hodgdon Brothers, "assuming that plaintiff is able to prove independent acts of negligence." (Decision Re: Defendants' Motion for Summary Judgment (Cook, J., 2/15/02), slip op. at 6, 6 Vt.Tr.Ct.Rep. at 316.) In his most recent substantive decision on summary judgment, Judge Cook ruled that "there are still disputed facts concerning the extent to which Hodgdon Brothers, Inc. operated as a separate entity from Quick Fix Truck Parts, Inc." (Decision Regarding: Defendants' Renewed Motion for Summary Judgment (Cook, J., 1/21/03)). The Statement of Facts submitted with the most recent motion, and Plaintiff's response, show that the material facts on this issue, described above, are now undisputed. (Plaintiff's Opposition filed August 25, 2003, pp. 3-7.)

A trial judge has discretion to reconsider an earlier denial of summary judgment. Morrisseau v. Fayette, 164 Vt. 358, 362-64 (1995). The summary judgment procedure is an integral part of the rules of civil procedure; it functions "to avoid a useless trial." Id. at 363 (quoting Sykas v. Kearns, 135 Vt. 610, 612 (1978)). Judges generally disfavor attempts to reopen earlier decisions on summary judgment, but they are free to do so in a proper case. Id. at 364 (citation omitted); Myers v. LaCasse, 2003 VT 86, ¶ ¶ 11-12, 14 Vt. L. W. 252,254 (2003). Reconsideration is appropriate in this case because of both a further development in the facts, and a development of the law arising from a recent decision. Judge Cook acknowledged this development by issuing a handwritten entry that "Parties may submit a new MSJ based on Edson case." (See Scheduling/Entry Order dated 6/30/03).

The Vermont Supreme Court issued its decision in Edson v. State, 2003 VT 32, 14 Vt.L.W. 89, on March 28, 2003. The Court affirmed a trial court ruling that an employee of a trucking firm could not sue the State of Vermont for injuries incurred while he was loading liquor at the State liquor control warehouse, because the State was a statutory employer under 21 V.S.A. § 601(3). "Section 601(3) defines the word 'Employer' to include 'the owner or lessee of premises or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not

3

the direct employer of the workers there employed.'" Edson ¶ 6 (quoting § 601(3)). The section "creates a statutory relationship of employer and employee, where no such relationship existed at common law." Id. (quoting King v. Snide, 144 Vt. 395, 400 (1984)). In affirming the trial court ruling, the Supreme Court followed a "nature of the business" analysis in addition to the trial court's "right to control" approach.[3]

> [T]he critical inquiry in determining whether an employer is a "statutory employer" under § 601(3) is whether the type of work being carried out by the independent contractor is the type of work that could have been carried out by the owner's employees as part of the regular course of the business. [King at 401]. Put another way, the question is whether the work that the owner contracted for "is a part of, or process in, the trade, business or occupation of the owner." Id.

Edson ¶ 7, 14 Vt.L.W. at 90.

The Court also pointed out that whether a defendant is a statutory employer turns on whether that entity has potential liability for providing workers compensation benefits, whether it is the entity actually providing them or not. The purpose of § 601(3) is to prevent business owners from avoiding their workers' compensation responsibility by hiring independent contractors or setting up other relationships to carry out what are essential functions or processes of the business. Under this provision, hiring independent contractors or using other business entity structures does not eliminate the owner's duty; the owner still has the obligation to ensure that its workers are covered. Where the owner has potential liability, it is immune under 21 V.S.A. § 622 from a third party tort claim for injuries falling within the scope of the Workers Compensation Act.

The Supreme Court further explained its analysis by contrasting two earlier cases. In Packett v. Moretown Creamery Co., 91 Vt. 97, 99-102 (1917), the owner of a creamery business was not a statutory employer of an employee injured while working for an independent contractor hired by the creamery owner to construct a building. On the other hand, in O'Boyle v. Parker-Young Co., 95 Vt. 58 (1921), a wood products manufacturer was a statutory employer for an employee of an independent contractor who hauled lumber and loaded it onto railroad cars for shipment. The "true test" was whether the work being done by the injured employee pertained to the defendant's business. Edson ¶ 8 (comparing and contrasting Packett and O'Boyle).

In Edson, the State was a statutory employer because the plaintiff was injured while engaged in the State's business of distributing liquor to its local agencies. Id. ¶ 9. It did not matter that the trucking company provided worker's compensation benefits to the plaintiff

---

[3] According to a recent decision by the Department of Labor and Industry, the "nature of the business" test is increasingly preferred over the "right to control" test. Young v. Consolidated Delivery & Logistics, Opinion No. 06-03 WC (January 16, 2003) (citing 3 Larson's Worker's Compensation Law § 60.05[1], [4] (2000)).

pursuant to its contract with the State. Id. ¶ 10. "[I]t is the statutory employer's potential liability, not its actual payment of worker's compensation benefits, that makes the employer immune from an injured employee's third-party tort suit." Id. (citation omitted).

In another recent case, a general contractor was "virtually the proprietor or operator of the business there carried on" and therefore entitled to immunity as a statutory employer. Welch v. Home Two, Inc., 172 Vt. 632, 634-35 (2001) (quoting 21 V.S.A. § 601(3)). It would frustrate the policy of the Workers' Compensation Act to allow an employee with more than one employer to collect benefits from the first employer and then turn around and sue the second in negligence. Id. at 635 (citing Candido v. Polymers, Inc., 166 Vt. 15, 18 (1996)).

In this case, all of the workers for both Hodgdon Brothers and Quick Fix were engaged in the business of operating a single salvage yard. Although the two corporations differed in some respects, they both performed functions essential to the regular business of the salvage yard, controlled in a unified manner by Darcy Hodgdon. Viewed in this light, the case resembles O'Boyle and Edson, in which the loading and trucking was all part of the overall business operation. This case does not resemble Packett, in which the construction of a building was not part of the regular business of the creamery.

Mr. Robinson was a cutter injured while cutting metal delivered to the yard by Hodgdon Brothers. The cut materials were to be sold by Hodgdon Brothers for profit. The cutting, crushing, and baling of the scrap metal obtained by Hodgdon Brothers, and later sold by it, was an essential process in the operation of the salvage yard business operated by Hodgdon Brothers. If it had not been done by Quick Fix employees, paid with funds provided by Hodgdon Brothers, then employees of Hodgdon Brothers would have had to do it in order to carry out the work of the business, as they had done before 1995. The fatal accident arose out of and in the course of Mr. Robinson's employment at the salvage yard. Compensation was provided through the workers' compensation insurance maintained by Quick Fix, but Hodgdon Brothers was nonetheless a statutory employee, and had the obligation to provide workers compensation benefits if Quick Fix did not.

The law provides injured workers with a remedy that is both expeditious and determinate and independent of proof of fault, but it also provides for employers a liability that is "limited and determinate" and includes immunity from suit under common law theories of tort. Morrisseau v. Legac, 123 Vt. 70, 76 (1962). Recent cases such as Edson have confirmed that the immunity extends to other entities qualifying as statutory employers under § 601(3). While circumstances may give rise to liability in some person other than the employer, the plaintiff must prove that the defendant does not qualify as statutory employer in order to maintain suit. After full discovery opportunity, the undisputed facts show that plaintiff is unable to make this showing.

For plaintiff to maintain a negligence action against either Hodgdon Brothers or Darcy Hodgdon, she would have to allege and prove "circumstances that reveal a duty that is 'additional to and different from' the general, nondelegable duty of the employer [to maintain a

5

safe workplace]." <u>Gerrish v. Savard</u>, 169 Vt. 468, 474 (1999) (quoting <u>Kruse v. Schieve</u>, 213 N.W.2d 64, 66 (Wis. 1973)). Plaintiff's claims are related to safety in the workplace. She has not met her burden of showing that Hodgdon Brothers or Mr. Hodgdon had assumed any additional duties, separate and apart from the general duty of maintaining safety.

As Judge Cook previously concluded, the plaintiff cannot maintain this action against Darcy Hodgdon based on acts or omissions in his role as a corporate officer of Quick Fix, nor can she maintain this case against Mr. Hodgdon or Hodgdon Brothers merely because they own the premises. The undisputed fully developed facts now show that, in addition, both defendants are protected from tort liability because Hodgdon Brothers qualifies as a statutory employer. The immunity of a corporate business extends to corporate officers of statutory employers, even if the officer was personally negligent. "As long as a corporate duty is in issue, immunity exists whether the officer fails to discharge it or actually does so in a negligent manner." <u>Garrity v. Manning</u>, 164 Vt. 507, 513 (1996).

For the reasons set forth above, both defendants are entitled to judgment as a matter of law.

## ORDER

Defendants' Motion for Summary Judgment (filed July 25, 2003) is GRANTED.

Dated at Woodstock, Vermont this ____ day of _____, 2003.

_____
Hon. Mary Miles Teachout
Presiding Superior Court Judge

6

STATE OF VERMONT
WINDSOR COUNTY, SS.

| | | |
|---|---|---|
| PAULINE ROBINSON,* individually and | : | WINDSOR SUPERIOR COURT |
| as Representative of the ESTATE OF | : | |
| KEITH A. ROBINSON, SR., DECEASED, | : | DOCKET NO. S110-3-2000 Wrcv |
| and on behalf of the next of kin, | : | |
|   Plaintiff | : | |
| | : | |
|      v. | : | |
| | : | |
| HODGDON BROTHERS, INC., and | : | |
| DARCY G. HODGDON, | : | |
|   Defendants | : | |

**JUDGMENT**

This action came on for consideration of the Motion of Defendants for Summary Judgment, and the court having granted Defendants' Motion for Summary Judgment on November 17, 2003,

It is ORDERED and ADJUDGED that judgment is entered for the Defendants, and Plaintiffs shall take nothing on the claims.

Dated at Woodstock, Vermont this _____ day of _____, 2003.


_____
Hon. Mary Miles Teachout
Presiding Superior Court Judge

7

* There has been a suggestion of death upon the record, and Lori A. Perron has been appointed as Successor Administrator of the Estate of Keith A. Robinson, Sr.