*Streeter v. Chittenden Solid Waste Dist.*, No. 111-2-18 Cncv (Toor, J., Aug. 23, 2019).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT
Chittenden Unit

CIVIL DIVISION
Docket No. 111-2-18 Cncv

---

## Streeter et al vs. Chittenden Solid Waste et al

---

## ENTRY REGARDING MOTION

Negligence (111-2-18 Cncv)

Title:       Motion for Summary Judgment (Motion 3)
Filer:       Chittenden Solid Waste District
Attorney:    Rodney E. McPhee
Filed Date:  June 3, 2019

Response filed on 07/16/2019 by Attorney Cristina Rousseau for Plaintiffs
        Plaintiff's Opposition;
Response filed on 08/05/2019 by Attorney Rodney E. McPhee for Defendant CSWD
        CSWD's Reply;

This case involves a serious injury to plaintiff Harold Streeter while he was working at the Chittenden Solid Waste District (CSWD). He sues the CSWD, a co-worker, and the company that manufactured and designed the machine that caused the injury. His wife sues for lack of consortium. The CSWD moves for summary judgment on two grounds: the lack of a duty to Streeter, and the "statutory employer" doctrine of worker's compensation law.

### Procedural Issue

Plaintiffs argue that they cannot provide facts to dispute certain matters because they have not yet completed discovery. They ask the court to delay ruling on the motion for this reason. *See* Opposition at 11-13. However, Rule 56 has a very specific requirement

for supporting such a request, and Plaintiffs have not met that. V.R.C.P. 56(d). No affidavit has been filed. Nor have Plaintiffs explained precisely what discovery they need that they have been unable to obtain. The scheduling order issued in this case over a year ago has an August 1 deadline for all discovery, which has now passed, and a September 1 trial-ready date. The scheduling order has never been extended. On this record, the court declines to delay ruling on the motion.

<u>Undisputed Facts</u>

In sum, the relevant undisputed facts are as follows.[1] Harold Streeter was an employee of Casella Waste Systems. He was seriously injured in 2015 while so employed and working at the CSWD's Williston recycling facility (the Materials Handling Facility, or "the Facility"). CSWD is a municipal entity created by the State of Vermont to manage the solid waste generated in Chittenden County. Casella, which is also in the waste management business, was hired by CSWD to operate and maintain the Facility. By contract, Casella had complete control of the operation and maintenance of the Facility, including all equipment maintenance. CSWD did not exercise supervisory control over Casella's operations or its means and methods. It did contract to pay for reasonable costs of repair and non-routine maintenance.

The recycling equipment in question was manufactured and designed by defendant Machinex. It was installed in the Facility in 2014. Streeter alleges that his injuries resulted from safety features of the equipment—a light and an alarm to indicate a belt was moving—having been disabled by a fire, and not having been fixed or replaced while

---

[1] Where Plaintiffs have not provided any record support for their opposition to CSWD's facts, the court deems the facts undisputed. V.R.C.P. 56(e)(2).

repairs were being made by Machinex. There are no allegations that CSWD did anything to disable the safety features or knew that they had been disabled.

The contract also provided that Casella would obtain liability insurance and worker's compensation insurance for the Facility. Streeter is receiving worker's compensation benefits through Casella's worker's compensation insurance.

Additional Facts Alleged by Plaintiffs

Plaintiffs allege several additional facts to which they point in their arguments. They allege that CSWD approved the design of the Machinex equipment, that Casella had no role in the design, manufacturing or installation of the equipment, and that CSWD had the power to purchase and lease real and personal property in connection with the management of solid waste.

Conclusions of Law

CSWD raises two legal arguments. The court addresses only the second one , because it is dispositive. CSWD argues that it is what is termed a "statutory employer" under the worker's compensation law. That term includes "the owner or lessee of premises or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workers there employed." 21 V.S.A. § 601(3). The statute was "intended to impose liability for workers' compensation benefits upon business owners who hire independent contractors to carry out some phase of their business." Edson v. State, 2003 VT 32, ¶ 6, 175 Vt. 330. A statutory employer is protected from liability outside the worker's compensation regime. 21 V.S.A. § 622.

The "critical inquiry" is "whether the type of work being carried out by the independent contractor is the type of work that could have been carried out by the owner's

3

employees as part of the regular course of their business." <u>Edson</u>, 2003 VT 32, ¶ 7. "Put another way, the question is whether the work that the owner contracted for is a part of, or process in, the trade, business or occupation of the owner." <u>Id</u>. (quotation and citation omitted). So, for example, a creamery that hired a contractor to construct a building at the creamery was *not* a statutory employer because the creamery business did not include constructing buildings; the Vermont Department of Liquor Control *was* a statutory employer when it hired a trucking firm to load and deliver liquor because its business included distribution of liquor. *Compare* <u>Packett v. Moretown Creamery Co.</u>, 91 Vt. 97 (1917), with <u>Edson</u>, 2003 VT 32.

CSWD hired Casella to do the work it was responsible for by law: managing Chittenden County waste. The work Casella was contracted to do was precisely the work CSWD does. "[I]t is plain that plaintiff was injured while engaged in the [CSWD]'s business" of managing solid waste in Chittenden County. <u>Edson</u>, 2003 VT 32, ¶ 9. CSWD was therefore a statutory employer.

Plaintiffs argue that the "dual capacity doctrine" creates a basis for CSWD's liability here. That doctrine can override the immunity from suit "if the employer's liability to the victim arises from actions taken in a nonemployer capacity." <u>Colwell v. Allstate Insurance Co.</u>, 2003 VT 5, ¶ 25, 175 Vt. 61. Plaintiffs assert that their claim is based not on CSWD's business of managing waste, but its business of "designing and leasing recycling equipment and facilities." Opp. at 9. They argue that "the only relationship giving rise to liability is that of an owner and lessor of machinery, a role unrelated to CSWD's status as Plaintiff's statutory employer . . ." <u>Id</u>. The court is unpersuaded. The design and ownership of the machinery is not separate from the business of waste management, it is part and parcel of the business. The employer's legal duty to provide a safe workplace is part of

4

being the employer. 21 V.S.A. § 223(a). "Neglect of safety precautions . . . is a breach of the employer's duty." <u>Dunham v. Chase</u>, 165 Vt. 543, 544 (1996)(mem.). There is no separate role here that creates liability independent of the worker's compensation regime.

<u>Order</u>

CSWD's motion for summary judgment is granted.

Dated at Burlington this 21st day of August, 2019.

_____
Helen M. Toor
Superior Court Judge

<u>Notifications</u>:
Cristina Rousseau (ERN 1849), Attorney for Plaintiff Harold Streeter
Cristina Rousseau (ERN 1849), Attorney for Plaintiff Melissa Streeter
Rodney E. McPhee (ERN 3612), Attorney for Defendant Chittenden Solid Waste
Rodney E. McPhee (ERN 3612), Attorney for Defendant Chris Baker
Bonnie J. Badgewick (ERN 1207), Attorney for Defendant Machinex Technologies, Inc.
Philip C. Woodward (ERN 2854), Attorney for party 3 Co-Counsel