Filed 01/07/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-2631

| | |
|---|---|
| JESSICA DEARDEN, <br>     Plaintiff <br><br> v. <br><br> SOUTH BURLINGTON OPCO, LLC, THE RESIDENCE AT QUARRY HILL, MELEA HOLLIMAN, and TLC NURSING, <br>     Defendants | DECISION ON MOTION |

## RULING ON DEFENDANTS' MOTION TO DISMISS

This negligence action arises from an injury sustained by Plaintiff Jessica Dearden, a visiting nurse, while lifting a patient at a nursing home in South Burlington. Defendants seek dismissal under Rule 12(b)(6) of the Vermont Rules of Civil Procedure on grounds that the negligence claims are barred by the exclusivity provision of the Workers' Compensation Act. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

### Factual Allegations and Procedural History

Defendant South Burlington OPCO, LLC owns and operates Defendant The Residence at Quarry Hill in South Burlington. On June 22, 2022, Plaintiff was working as a visiting nurse at The Residence at Quarry Hill. Her employer, MAS Medical Solutions, had assigned her to that job. While working at The Residence, Plaintiff and another worker, Defendant Melea Holliman, were assigned to lift a patient. As they were lifting the patient, Holliman lost control of her side of the lifting maneuver, shifting all of the patient's weight to Plaintiff. Plaintiff alleges that, in losing control during the lifting maneuver, Holliman was negligent, and that this negligence caused Plaintiff to severely injure her left shoulder. Second Am. Compl. ¶¶ 10-13. Plaintiff further alleges that the other defendants – South Burlington OPCO, The Residence at Quarry Hill, and TLC Nursing – were vicariously liable for Holliman's negligence as her employers and directly liable for failure to adequately train and negligent training. Second Am. Compl. ¶¶ 23-25. She brings one claim of negligence against Holliman, and a second claim of negligence against the entity defendants.

Before addressing the merits of the motion to dismiss, the Court observes that the procedural history of this case was made unnecessarily confusing by the incorrect identification of the defendant parties by counsel on both sides. In the original complaint, filed June 19, 2025, Plaintiff named "Residence Inn at Quarry Hill" and "Jane Doe" as the two defendants. On August 13, in moving to dismiss, Defendants noted in a footnote that "LCB Senior Living, LLC"

was "misnamed" in the complaint as "Resident Inn at Quarry Hill," and that LCB in fact operates a senior living community named "Resident Inn at Quarry Hill." Mem. of Law in Support of Defs.' Mot. to Dismiss at 1 n.1.

Plaintiff then moved to amend the complaint on September 12 seeking to rename the defendant "Resident Inn at Quarry Hill" to "LCB Senior Living, LLC" and relate it back to the filing of the original complaint. Defendants, at this point represented by different counsel, responded that Plaintiff had identified the wrong corporate entity both in her original complaint *and* in her motion to amend. Defendants noted that "[p]rior defense counsel previously identified LCB Senior Living, L.L.C. as the correct Defendant. This was in error." Def.'s Assent to Pl.'s Mot. to Am. Compl. at 1 n.1 (filed Oct. 1, 2025). Instead, Defendants clarified: "The Residence at Quarry Hill is a Vermont registered business name owned and operated by South Burlington OPCO, LLC." *Id*. at 1. While South Burlington OPCO "maintains management and development agreements with LCB Senior Living," the two "entities are distinct and maintain different FEIN numbers." *Id*. Defendants submitted an affidavit by a CEO of LCB Senior Living outlining this corporate structure. The Court granted the motion to amend, writing: "Defendant has indicated it does not oppose Plaintiff's proposed amendment to the Complaint to name the correct business entities: South Burlington OPCO, LLC and The Residence at Quarry Hill. The caption in this matter shall be so amended." Entry re Motion (issued Oct. 13, 2025).

Later, Plaintiff again sought to amend her complaint, this time "to name the Defendant previously identified 'Jane Doe' to substitute the name 'Melea Holliman' and to include Ms. Holliman's employer TLC Nursing as Defendant as well." Pl.'s Mot. to Amend the Compl. (filed Oct. 22, 2025). In response, Defendants South Burlington OPCO and The Residence at Quarry Hill – once again represented by different counsel – stated that they took no position on Plaintiff's attempt to replace "Jane Doe" with "Melea Holliman" and to add TLC Nursing, but noted that "Plaintiff continues to erroneously identify 'Residence Inn at Quarry Hill/LCB Senior Living LLC' as defendants in this matter in both the Motion to Amend and proposed *Second Amended* Complaint." Defs.' Mem. in Resp. to Pl.'s Mot. to Am. the Compl. at 2 (filed Nov. 17, 2025). The Court granted this second motion to amend in an Entry re Motion issued on December 15, 2025.

It appears that Plaintiff has never filed a revised version of the operative complaint that correctly identifies the party defendants. Instead, her Second Amended Complaint still incorrectly identifies "LCB Senior Living, LLC" as a defendant. The Court clarifies that that entity is not a party to this action, and that South Burlington OPCO, LLC and The Residence at Quarry Hill are party defendants. It is apparent that South Burlington OPCO and The Residence at Quarry Hill are the defendants seeking dismissal under the present motion.[1] With that in mind, the Court now addresses that motion.

<u>Discussion</u>

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court considers whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff

---

[1] On December 15, 2025, TLC Nursing filed a separate motion to dismiss that is not yet ripe.

to relief." *Davis v. Am. Legion, Dep't of Vt.*, 2014 VT 134, ¶ 12, 198 Vt. 204 (quoting *Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309). The Court "must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10, 209 Vt. 514. The burden on plaintiffs under Vermont law is "exceedingly low" at the pleading stage. *Prive v. Vermont Asbestos Group*, 2010 VT 2, ¶ 14, 187 Vt. 280. Complaints are intended to give enough notice to the defendant to allow a response, but need not lay out every detail of the facts supporting the claim. *See Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 13, 184 Vt. 1 ("The complaint is a bare bones statement that merely provides the defendant with notice of the claims against it."). The goal is to "strike a fair balance, at the early stages of litigation, between encouraging valid, but as yet underdeveloped causes of action and discouraging baseless or legally insufficient ones." *Id*. As such, motions to dismiss for failure to state a claim are "disfavored." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575. "Nonetheless, where the plaintiff does not allege a legally cognizable claim, dismissal is appropriate." *Montague*, 2019 VT 16, ¶ 11.

Defendants contend that the negligence claims brought here are barred by the Workers' Compensation Act's exclusivity provision. The Court agrees, at least as to the negligence claim brought against South Burlington OPCO and The Residence at Quarry Hill. "If a worker receives a personal injury by accident arising out of and in the course of employment by an employer . . . , the employer or the insurance carrier shall pay compensation . . . ." 21 V.S.A. § 618(a)(1). With limited exceptions, this remedy "shall exclude all other rights and remedies of the employee . . . at common law or otherwise on account of such injury." 21 V.S.A. § 622. The definition of "employer" includes "the owner or lessee of premises or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workers there employed." 21 V.S.A. § 601(3). This definition

> creates a statutory relationship of employer and employee, where no such relationship existed at common law. The statute was intended to impose liability for workers' compensation benefits upon business owners who hire independent contractors to carry out some phase of their business. The idea was to prevent business owners or general contractors from attempting to avoid liability for workers' compensation benefits by hiring independent contractors to do what they would otherwise have done themselves through their direct employees.

*Edson v. State*, 2003 VT 32, ¶ 6, 175 Vt. 330 (quotation and citations omitted). The test "is whether the work that the owner contracted for is a part of, or process in, the trade, business or occupation of the owner." *In re Chatham Woods Holdings, LLC*, 2008 VT 70, ¶ 11, 184 Vt. 163 (quotation omitted).

Plaintiff may have been employed directly by MAS Medical Solutions and at The Residence as an independent contractor, but under the statutory framework outlined above, Defendants South Burlington OPCO and The Residence at Quarry Hill were Plaintiff's statutory employers for purposes of workers' compensation exclusivity. The statutory definition of

3

employer "specifically and unambiguously covers multiple-employer business situations: where 'for any . . . reason' an employee working for a business has an indirect, as well as a direct, employer." *Candido v. Polymers, Inc.*, 166 Vt. 15, 17 (1996); *see also King v. Lowell*, 160 Vt. 614, 614 (1993) (mem.) (general contractor and subcontractor both primarily liable for workers' compensation payments to worker directly employed by subcontractor). Thus, general contractors are considered employers of subcontractor-employees for purposes of the workers' compensation statute. *See Edson*, 2003 VT 32, ¶ 6; *Welch v. Home Two, Inc.*, 172 Vt. 632, 634-35 (2000) (mem.); *Candido*, 166 Vt. at 17-19. This is referred to as being a "statutory employer." *Edson*, 2003 VT 32, ¶ 7. Defendants South Burlington OPCO and The Residence at Quarry Hill were "the owner[s] or lessee[s] of [the] premises" or otherwise "virtually the proprietor or operator of the business there carried on," even though they were not Plaintiff's "direct employer." 21 V.S.A. § 601(3).

Plaintiff contends that the "nature of [her] specific assignment is not fully defined" and that the Court "cannot now make a determination on the allegations in the Complaint" as to whether the worked performed was part of Defendants' "routine operations." Pl.'s Resp. at 2 (filed Sept. 19. 2025). The Court is not persuaded. Plaintiff was working as a nurse, a common and necessary occupation at medical facilities, and the injury occurred directly from providing patient care. It would defy common sense to conclude that this work was not "a part of, or process in, the trade, business or occupation of the owner." *In re Chatham Woods Holdings*, 2008 VT 70, ¶ 11 (noting that the statutory employer test "impose[s] workers' compensation liability on business owners who hire independent contractors to carry out some phase of their business"). Moreover, this conclusion is consistent with prior caselaw finding statutory employment relationships. *See id.* ¶ 13 (collecting and contrasting cases). Accordingly, at least as to Defendants South Burlington OPCO and The Residence at Quarry Hill, workers' compensation was Plaintiff's exclusive remedy. This result comports with the purpose behind the Workers' Compensation Act's exclusive remedy, which serves as "part of the quid pro quo in which the sacrifices and gains of employers and employees are balanced." *Candido*, 166 Vt. at 18 (citing 2A A. Larson, Workmen's Compensation Law § 65.11, at 12-1, 12-12 (1996)).

Plaintiff also suggests, with no legal support, that exclusivity should attach only if Defendants "faced an actual claim," and that Defendants should not "receive the benefit of the exclusivity provision" if they have "made no contribution to MAS Medical Solutions for its workers' compensation coverage" of her. Pl.'s Resp. at 2-3; *see also* Pl.'s Sur-Reply at 3. The Supreme Court has directly rejected this contention. "[I]t is the statutory employer's potential liability, not its actual payment of workers' compensation benefits, that makes the employer immune from an injured employee's third-party tort suit." *Edson*, 2003 VT 32, ¶ 10.

There is an exception to the exclusivity doctrine for "intentional injury." *Kittell v. Vermont Weatherboard, Inc.*, 138 Vt. 439, 441 (1980) (citing 2A A. Larson, Workmen's Compensation Law § 78.13, at 13-5 and n.11 (1976)). However, "[n]othing short of a *specific intent to injure* falls outside the scope of the [Workers' Compensation] Act." *Id.* (emphasis added). More recently, the Supreme Court has reaffirmed that

> *Kittell* remains the standard in Vermont, and specific intent
> under *Kittell* is required to prove that an injury that would

4

otherwise be compensable through workers' compensation has not occurred accidentally and the employee may, therefore, pursue an alternate remedy. Intent to injure under *Kittell* is a high bar – it reaches only those instances where an employer deliberately causes an employee an injury.

*Martel v. Connor Contracting, Inc.*, 2018 VT 107, ¶ 14, 208 Vt. 498. Here, there is no allegation or suggestion in the Second Amended Complaint that the injury was intentional. Thus, the "intentional injury" doctrine does not apply here.

The present motion also seeks dismissal of the negligence claim brought against "Jane Doe." Given that "Jane Doe" has now been substituted with Melea Holliman, counsel for South Burlington OPCO and The Residence at Quarry Hill apparently do not represent Holliman, and Plaintiff has not yet served Holliman, the Court cannot address that claim right now. Thus, the motion to dismiss is denied in that regard.

Order

For the foregoing reasons, Defendants' motion to dismiss (Mot. # 1) is GRANTED as to Count II and DENIED as to Count I.

Electronically signed on January 7, 2026 at 9:26 AM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge

5